**TRAVELERS INDEMNITY COMPANY,**
**Appellant,**

v.

**GREYHOUND LINES, INC., et al.,**
**Appellees.**

**No. 24210.**

United States Court of Appeals
Fifth Circuit.

May 4, 1967.

Ben G. Sewell, Houston, Tex., Meredith T. Holt, Donald E. Walter, Lake Charles, La., for appellant.

**326**

Edward M. Carmouche, C. A. King, II, Lake Charles, La., John G. Tucker, Beaumont, Tex., John Gano, Houston, Tex., Robert B. Harbison, Altus, Okl., Stuart A. McClendon, New Orleans, La., Larry A. Roach, Lake Charles, La., W. James Kronzer, Joseph D. Jamail, Jr., Clyde W. Woody, Marian S. Rosen, Ruth Boren Bivin, Houston, Tex., Eugene H. Lawes, R. W. Farrar, Jr., William R. Tete, William B. Baggett, J. Fred Patin, Lake Charles, La., Thomas Malik, Reserve, La., Gordon Gano, Jr., Dallas, Tex., Eugene Lawes, Lake Charles, La., Chappuis & Beslin, Rayne, La., Dugas, Bertrand & Smith, Lafayette, La., Brown, Kronzer, Abraham, Watkins & Steely, Houston, Tex., for appellees.

Before HUTCHESON, THORNBERRY and DYER, Circuit Judges.

PER CURIAM:

As a result of a tragic highway collision in Louisiana between a Greyhound bus and a truck in August, 1965, in which twelve persons were killed and approximately thirty others were injured, numerous suits for damages were filed in various state and federal courts. Seventeen suits filed in Texas state courts named as defendants Greyhound Lines, Inc. (Greyhound), and the owner of the truck, All Woods, Ltd. (All Woods), a limited Texas partnership. Twenty suits were filed in Louisiana state courts against Travelers Indemnity Company (Travelers) the automobile liability insurer of All Woods, and against Greyhound and All Woods. Several cases were filed in the District Court for the Southern District of Texas. In nearly all instances Greyhound filed a third-party claim against All Woods. The total damages claimed amounted to $7,-000,000. Before those cases came to trial, Travelers brought this action in the nature of interpleader in the District Court for the Western District of Louisiana and deposited into court a bond in the amount of $325,000, the limit of its liability under the insurance policy covering All Woods. The relief sought by Travelers was two-fold: first, that all potential claimants to the fund—which include the numerous damage suit plaintiffs, Greyhound, and All Woods—be directed to interplead in that court and to assert their claims in the same proceeding; second, that the prosecution of suits in other courts against it, Greyhound, and All Woods be enjoined. Travelers also denied liability and asked for a return of the $325,000 bond upon a finding of nonliability in its favor.

The district court refused the requested relief, holding it lacked statutory authority to enjoin suits against the alleged tortfeasors. Consequently, all parties were left free to pursue their respective claims in the forum of their choice. But the court did grant limited relief with respect to the fund by enjoining execution of any judgment against Travelers until all other proceedings were finalized.[1] Travelers appeals. We conclude that a recent Supreme Court case is controlling and requires us to affirm the judgment of the district court.

In State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 17 L.Ed.2d 780, decided April 10, 1967, the Supreme Court resolved important questions concerning administration of the interpleader remedy in the federal courts. As here, that case involved a collision between a Greyhound bus and a truck killing and injuring numerous persons. The insurance carrier, State Farm, sought injunctive relief similar to that which Travelers seeks here.

The Court dealt first with issues concerning the invocation of interpleader jurisdiction under the federal interpleader statute, 28 U.S.C. Sec. 1335.[2] It decided that the language of Sec. 1335 requires no more than " 'mini-

---

1. 260 F.Supp. 530 (W.D.La.1966).

2. 28 U.S.C. Sec. 1335(a) provides: "The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $500 or more, or having issued a * * * policy of insurance * * * of

mal diversity', that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens [and that Article III of the Constitution] poses no obstacle to the legislative extension of federal jurisdiction, founded on diversity, so long as any two adverse parties are not co-citizens." 87 S.Ct. 1203. See Haynes v. Felder, 239 F.2d 868, 872–875 (5th Cir. 1957). Thus the fact that many of the damage suit plaintiffs are citizens of the same states, Louisiana or Texas, is no bar to the interpleader remedy in the instant case. Likewise, it can no longer be argued that interpleader is unavailable on the ground that damage suit plaintiffs who have not secured judgments do not qualify as "claimants" within the jurisdictional requirements of Sec. 1335. 35 U.S.L. Week 4313–4314. Interpleader was properly brought here even though the claims were in the form of unliquidated tort claims.

Although Travelers invoked the interpleader jurisdiction under Sec. 1335, it nevertheless is not entitled to the relief it asks. In *Tashire*, the Supreme Court determined that while statutory interpleader jurisdiction was invoked, the insurance carrier was not entitled "to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor. Still less was Greyhound Lines entitled to have that order expanded so as to protect itself and its driver, also alleged to be tortfeasors, from suits brought by its passengers in various state or federal courts. Here, the scope of the litigation, in terms of parties and claims, was vastly more extensive than the confines of the 'fund,' the deposited proceeds of the insurance policy. In these circumstances, the mere existence

of such a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund." 87 S.Ct. 1205.

The rationale of the holding was further explained. "Here, an accident has happened. Thirty-five passengers or their representatives have claims which they wish to press against a variety of defendants: the bus company, its driver, the owner of the truck, and the truck driver. *The circumstance that one of the prospective defendants happens to have an insurance policy is a fortuitous event which should not of itself shape the nature of the ensuing litigation.* * * * [A]n insurance company whose maximum interest in the case cannot exceed $20,000 and who in fact asserts that it has no interest at all, should not be allowed to determine that dozens of tort plaintiffs must be compelled to press their claims—even those claims which are not against the insured and which in no event could be satisfied out out the meager insurance fund—in a single forum of the insurance company's choosing. There is nothing in the statutory scheme, and very little in the judicial and academic commentary upon that scheme, which requires that the tail be allowed to wag the dog in this fashion." (emphasis added) Ibid.

The Court declared that the insurance carrier's interest, which is the fulcrum of the interpleader procedure, "receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." Ibid.

■ We find no material factual difference between the instant case and *Tashire;* hence, the latter is controlling

value or amount of $500 or more * * * if

  (1) Two or more adverse claimants, of diverse citizenship as defined in section 1332 of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the

benefits arising by virtue of any * * * policy * * *; and if

  (2) the plaintiff has * * * paid * * * the amount due under such obligation into the registry of the court, there to abide the judgment of the court * *."

here. Moreover, we think the judgment of the court below, which granted an injunction only with respect to proceedings against the fund itself, correctly applied, and in fact anticipated, the principles later enunciated in the *Tashire* case. The judgment of the district court [3] therefore is affirmed.

Only a short postscript remains. On November 8, 1966, this Court ordered that a temporary restraining order from the court below would remain in force and effect until further order of the Court. On March 30, 1967, it was ordered that certain actions in state courts were enjoined until the panel to which the case was submitted had an opportunity to consider vacating the order or issuing further orders. Due to the affirmance of the judgment, these previous restraining orders are hereby vacated.

Affirmed.

---

3. The district court opinion was cited with apparent approval in Tashire. See 87 S.Ct. 1199.