**UNITED STATES FIDELITY AND GUARANTY COMPANY et al.,** Plaintiffs,

v.

**Johnny E. McGHEE, Sr., et al.,** Defendants.

No. EC 7080-S.

United States District Court, N. D. Mississippi, E. D.

June 6, 1972.

Robert D. Patterson and C. Michael Malski, of Patterson, King, Lee & Malski, Aberdeen, Miss., for plaintiffs.

Taylor B. Smith, of Threadgill & Smith, Columbus, Miss., Billy Funderburk, Amory, Miss., Charles C. Finch, Batesville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

The only issue remaining in this action for decision by the court is the manner in which the funds which have been deposited in the registry of the court are to be distributed to the various claimants. Before that issue can be determined, however, it is necessary for the court to decide whether the Estate of (Mrs.) Mary F. Jackson, and the beneficiaries of a wrongful death action growing out of her demise as the result of injuries suffered by her in the traffic accident giving rise to this litigation, should share in that distribution.

A recitation of the material facts is essential to a proper understanding of the issue facing the court.

On October 4, 1968, Mrs. Mary F. Jackson was traveling to Memphis, Tennessee from Amory, Mississippi, when an accident occurred on U. S. Highway No. 78 in Marshall County, Mississippi, involving Mrs. Jackson's 1968 Pontiac Catalina automobile and one other vehicle. Mrs. Jackson was killed and the only other occupant of the automobile, Mrs. Carmel Montgomery, was injured. The other vehicle was a 1965 Pontiac Grand Prix owned by one John Turner and being driven by defendant, Johnny

E. McGhee, Sr. Passengers in the automobile driven by Johnny E. McGhee, Sr. included defendants Dorothy Webb, Essie Scott and Willie McGhee; and also Ruthie McGhee, wife of Johnny E. McGhee, Sr. and mother of Lucretia McGhee, Debra McGhee, Johnny E. McGhee Jr., Jackie McGhee, Darren McGhee and Dianne McGhee, each and all of whom are defendants herein. In the automobile driven by Johnny E. McGhee, Sr., the said Ruthie McGhee received fatal injuries and defendants Johnny E. McGhee, Sr., Dorothy Webb, Willie McGhee and Essie Scott received bodily injuries.

At the time of the collision there was evidence, including the report of the investigating officer, that Mrs. Montgomery was driving the Jackson automobile.

Mrs. Montgomery owned an automobile upon which she carried liability insurance with Southern Farm Bureau Casualty Insurance Company (Southern Farm), providing a limit of $10,000.00 for personal injuries to one person and $20,000.00 for personal injuries to more than one person in a single occurrence. Mrs. Jackson carried liability insurance with United States Fidelity and Guaranty Co. (USF&G), the plaintiff, which limited the coverage for personal injury to one person to the sum of $5,000.00, and to $10,000.00 for personal injuries to more than one person in a single occurrence. The total amount of coverage for all persons injured in the accident, assuming that Mrs. Montgomery was driving the car, was $30,000.00. Thus, under such conditions, USF&G had a $10,000.00 and Southern Farm a $20,000.00 exposure.

On December 10, 1969 a suit was filed in the United States District Court for the Northern District of Mississippi, Eastern Division, styled "Johnny E. McGhee, Sr., et al v. Carmel Montgomery and Callie S. Cody, Administratrix of the Estate of Mary Frances Jackson", and being Civil Action Number 69–89–S. Simultaneously a suit was filed in the Circuit Court of Monroe County, Mississippi, styled "Essie Scott v. Carmel Montgomery and Callie S. Cody, Admin-

istratrix of the Estate of Mary Frances Jackson", and being Cause Number 21,063 on the docket of said court. Both lawsuits pertain to the accident made the basis for the within suit, and each case alleged that Mrs. Carmel Montgomery was the driver of the Jackson vehicle and that her negligence proximately caused the accident made the basis of all the aforementioned lawsuits.

On or about December 27, 1969, United States Fidelity & Guaranty Company employed counsel to represent both defendants in the aforementioned actions. Prior thereto, on October 21, 1968, attorneys for Mrs. Montgomery advised USF&G that Mrs. Montgomery was not driving the Jackson vehicle and that she would assert a claim for damages against Mrs. Jackson's estate for injuries received by her in the accident. Having this information in hand, attorneys for USF&G, by letter dated January 12, 1970, advised Southern Farm, Mrs. Montgomery's insurer, that USF&G was withdrawing from the defense of Mrs. Montgomery and would not undertake to defend Mrs. Montgomery in the aforementioned lawsuits.

On April 18, 1970, Mrs. Carmel Montgomery filed suit against Callie S. Cody, as administratrix of the Estate of Mary Frances Jackson, in the Circuit Court of Monroe County, Mississippi, being Case Number 21,162. In said declaration Mrs. Montgomery alleged Mrs. Jackson to be the driver of the Jackson vehicle at the time of the accident giving rise to the aforementioned lawsuits.

On October 3, 1970, USF&G filed the interpleader action herein, and interpleaded $10,000.00, the full amount of its coverage under the Jackson policy, into the court. USF&G also joined a suit for declaratory judgment with its interpleader suit, asking to be relieved of the obligation to defend Mrs. Montgomery. Southern Farm demanded that USF&G furnish a defense to Mrs. Mont-

gomery under the omnibus clause of its policy. USF&G contended that there was such a conflict of interest between its primary insured and Mrs. Montgomery that it could not properly defend Mrs. Montgomery, and further, that in any event it owed no defense to Mrs. Montgomery since she had breached the cooperation clause of the Jackson insurance contract.

USF&G made all possible claimants to the fund parties defendant to the complaint. Mrs. Montgomery appeared and propounded a claim alleging that she was a guest passenger in Mrs. Jackson's automobile and sought to recover a portion of the fund. She included in her answer a counterclaim against plaintiff and a cross-claim against Mrs. Jackson's estate for damage suffered by her as the result of the injuries which she sustained.

The court submitted to a jury the question of whether Mrs. Jackson or Mrs. Montgomery was driving the automobile at the time of the accident. The jury found that Mrs. Montgomery was driving the automobile, and the court dismissed her claim, counterclaim and cross-claim at her costs.

Thereafter Southern Farm was permitted to interplead the maximum exposure in its policy of $20,000.00. Southern Farm made all parties to the action parties defendant to its complaint. Thus, the amount to be distributed by the court amounts to $30,000.00.

The court has held evidentiary hearings concerning the quantum of damages suffered by the several claimants, including those claiming damages on account of the death of Mrs. Jackson. The Jackson claimants are represented by Mrs. Callie S. Cody, the administratrix of the estate of Mrs. Jackson, and the guardian of Mrs. Jackson's three minor children, Glenda Fay, Dennis Frank and Kathy Ann.[1]

---

1. Mrs. Cody claims damages for Mrs. Jackson's estate in the sum of $986.95 for burial expense for Mrs. Jackson, and the sum of $150,000.00 for Mrs. Jackson's wrongful death to be divided between the children.

The money paid into the registry of the court represents the primary coverage on the Jackson vehicle afforded by Mrs. Jackson's carrier, USF&G, in the sum of $10,000.00, and the secondary coverage afforded by Mrs. Montgomery's carrier, Southern Farm, in the sum of $20,000.00.

The court had held that Mrs. Montgomery and the estate of Mrs. Jackson are jointly liable for the damages sustained by the occupants of the McGhee vehicle. The liability of the Jackson estate is bottomed on the premises that at the time of the collision of the vehicles, Mrs. Montgomery, the driver of Mrs. Jackson's automobile, was the agent of Mrs. Jackson, for which reason the Jackson estate is vicariously liable to the occupants of the other vehicle.

■ The question presented is whether those claiming through Mrs. Jackson can share in the proceeds of the liability insurance which has been interpled in this action because of an accident brought about by the negligence of Mrs. Jackson's agent, and for which she is legally responsible. Can Mrs. Jackson's estate and children diminish the amount which the other claimants can recover when the source through which they claim is responsible for the loss and damages to the other claimants? The court holds that they cannot, and that those who have claims based on injuries suffered by the occupants of the other vehicle are entitled to the entire sum to the exclusion of the Jackson claimants.

The court has held in a former opinion rendered from the bench that, had Mrs. Jackson lived, she could have maintained an action against Mrs. Montgomery to recover damages in respect to the accident, and, that Mrs. Jackson's three minor children might sue Mrs. Montgomery for the wrongful death of their mother, by virtue of the Mississippi Wrongul Death Statute.[2] 65A C.J.S. Negligence § 162, at 208; 8 Am.Jur.2d Automobiles and Highway Traffic § 681,

at 233; 3 Am.Jur.2d Agency § 202, at 583.

The jurisdiction of this action is predicated upon 28 U.S.C.A. § 1335, the federal interpleader statute, and the relief sought is patterned upon State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967) and its progeny.

■■ An action in the nature of an interpleader is equitable in nature and controlled by equitable principles. Travelers Indemnity Co. v. Greyhound Lines, Inc., D.C.La.1966, 260 F.Supp. 530, affirmed 377 F.2d 325 (5th Cir.), certiorari denied 389 U.S. 832, 88 S.Ct. 101, 19 L.Ed.2d 91. The equitable doctrine that one seeking equitable relief must do equity and come into court with clean hands is applicable in this action. Great American Insurance Company v. Bank of Bellevue, 366 F.2d 289 (8th Cir. 1966).

The Mississippi Wrongful Death Statute[3] authorizes a suit against Mrs. Montgomery by the beneficiaries named therein for damages for the alleged wrongful death of Mrs. Jackson, provided, if death had not ensued, Mrs. Jackson could have brought such a suit. The beneficiaries have, therefore, similar rights possessed by Mrs. Jackson, and are subject to similar restrictions.

Mrs. Montgomery was a passenger in Mrs. Jackson's automobile. They were traveling from Amory, Mississippi to Memphis, Tennessee, on a mission for Mrs. Jackson. Mrs. Montgomery was not on a mission of her own. She went along to keep Mrs. Jackson company, at Mrs. Jackson's request. At the time of the collision Mrs. Montgomery was driving Mrs. Jackson's car, and Mrs. Jackson was sitting on the front seat with Mrs. Montgomery. While overtaking and passing another vehicle traveling ahead of her, Mrs. Montgomery pulled out in the passing lane immediately in front of the oncoming McGhee automobile, thereby causing a head-on collision. Mrs. Montgomery was Mrs. Jackson's agent,

---

2. Miss.Code Ann. § 1453 (1971 Cum. Supp.).

3. Id.

and the negligent act was performed in the presence of Mrs. Jackson. The court is of the opinion that if Mrs. Jackson had not been killed, she could not in good faith and with clean hands have asserted a claim to the fund interpleaded by the two insurance carriers, to the injury and prejudice of those who were the victims of a negligent act for which she was responsible. It does not appear fair or equitable to the court for Mrs. Jackson's children to reap an advantage against the victims of Mrs. Jackson's negligence under the circumstances of this case.

An order will be entered directing the distribution of the interpleaded fund to the claimants having claims bottomed on injuries suffered by the occupants of the McGhee vehicle.