**MARYLAND CASUALTY COMPANY,**
Plaintiff,

v.

**Carolyn Evans SAUTER et al.,**
**Defendants.**

**No. EC 71–112.**

United States District Court,
N. D. Mississippi.

July 6, 1972.

John B. Clark, of Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for plaintiff.

Richard B. Booth, Aberdeen, Miss., T. J. Tubb, of Tubb & Stevens, West Point, Miss., Jan P. Patterson and Robert D. Patterson, Patterson, King & Lee, Aberdeen, Miss., H. M. Ray, U. S. Atty., Wm. M. Dye, Asst. U. S. Atty., Oxford, Miss., Taylor B. Smith, Threadgill & Smith, Columbus, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This action was originally instituted on March 12, 1971 in the United States District Court for the Southern District of Mississippi. After numerous pretrial matters were considered and disposed of by the court, the action was tranferred to this court on June 30, 1971. In the transferral order the court temporarily enjoined all defendants from taking any further action and finally discharged plaintiff, Maryland Casualty Company, from all further liability with reference to the fund due under the terms of the policy of insurance theretofore interpleaded in the action.[1] The or-

---

1. This is an interpleader action filed by Maryland pursuant to the federal interpleader statute, 28 U.S.C.A. § 1335. Maryland paid into the registry of the court the sum of $20,000.00, being the limit of its liability under a policy of automobile liability insurance issued by it to Edward J. Issa, a Mississippi citizen residing in the Greenville Division of the court.

During the effective period of the policy, Issa, driving the automobile insured under the policy, collided with an automobile, driven by Carolyn Evans Sauter, and in which Julian T. Evans, Jr., Julian T. Evans, III, a minor, and Molly Shinn, a minor, were passengers. Sauter and the other passengers in her automobile suffered serious injuries, and, at the time of

der provided that all questions, including the allowance of attorney fees and costs to Maryland, were deferred pending the orders of this court.

A number of the original defendants were discharged from the action before it was transferred to this court. There remained, however, as parties defendant, at the time of transferral, the following: Carolyn Evans Sauter, a citizen of the State of Mississippi, residing within the Eastern Division of this court; Molly Anne Shinn, a minor, and James C. Shinn, her father and next friend, citizens of the State of California; Julian T. Evans, Jr., Julian T. Evans, III, a minor, and Julian T. Evans, Jr., as his father and next friend, citizens of the State of Mississippi and residents of the Eastern Division of this court, and the United States of America, Intervenor.

After the action had been docketed in this court, Issa filed a motion to intervene. Issa averred in his motion that he was a party in interest in the action; that he was the insured in Maryland's policy of insurance; that Maryland had certain obligations to him under the policy which he desired to protect, including the obligation to employ counsel to defend him in claims covered by the policy; that he expected to deny liability for the accident; and that he desired to file a cross-claim for damages against Sauter.

Issa attached to his motion a sworn Petition of Intervention, Answer to Interpleader and Complaint. Issa does not claim any interest in the interpleaded fund, and his only controversy with Maryland appears to be his contention that Maryland is under a contractual obligation to defend him in any suit brought against him arising out of the accident. This contention, however, is not supported by the record, for it is clearly shown, and the parties on oral argument agree, that Maryland does not seek to be relieved of this obligation. As a matter of fact, Maryland is now furnishing Issa with a defense in litigation pending in another court growing out of the accident. Thus, the court does not give further consideration to this issue. The court concludes, with the exception hereinafter mentioned, that Issa does not have a justiciable controversy with Maryland, and advances no claim against the fund interpleaded in this action.

Issa includes in his petition to intervene a claim against Sauter for damages allegedly suffered by him in the accident as the proximate result of the negligent operation, by Sauter, of her automobile at the time and place of the accident. Issa seeks damages against Sauter amounting to $75,000.00.

A suit has been filed in the Circuit Court of Monroe County, Mississippi, by Evans, Jr. against Sauter and Issa. The prayer of the petition seeks to have the court transfer the suit to this court for trial. Issa does not cite any authority which would justify the court in taking such action.

Without going into more detail, it is sufficient to say that the crux of Issa's purpose to intervene is to avoid a multiplicity of suits and require the parties to litigate all controversies within the confines of this action. In short, he seeks the "bill of peace" to which Mr. Justice Fortas referred to in *Tashire, supra,* at 535, 536, and 537, 87 S.Ct. 1199.

Although the court has not sustained Issa's motion to intervene, at least two of the parties have undertaken to answer his petition and sue him for damages by way of cross-claim.

Defendants Evans, Jr. and Sauter oppose the Motion to Intervene and have

the interpleader, were pressing claims against Issa, aggregating an amount far in excess of the limits of Maryland's policy. This situation prompted Maryland to interplead the limits of its policy under the procedure as provided by

the Supreme Court in State Farm Fire & Casualty Co. v. Tashire (1967) 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270. Issa was not made a party defendant to the action; and was not a party thereto when the case was transferred to this court.

submitted briefs in support of their position. The court has received oral argument and all parties have been heard in regard to the motion.

■ Evans, Jr. and Sauter, inter alia, contend that should the court permit Issa to intervene, he must be aligned with plaintiff, thus destroying the diversity jurisdiction of the court. Issa, Sauter, Evans, Jr., and Evans, III are citizens of the same state, and should Issa be admitted as a party plaintiff in the action, complete diversity would not exist between all plaintiffs and all defendants as required by 28 U.S.C.A. § 1332(a). The court concludes, however, that the court's jurisdiction does not depend upon Section 1332(a), but, rather, upon the interpleader statute 28 U.S.C.A. § 1335. The latter section provides jurisdiction under the circumstances set forth in subsection (a) if "[t]wo or more adverse claimants, of diverse citizenship as defined in Section 1332 [28 U.S.C.A. § 1332] of this title, are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any . . . policy or other instrument, or arising by virtue of any such obligation . . . ." In the action sub judice Shinn is a citizen of California, and Sauter, Evans, Jr. and Evans, III are citizens of Mississippi, thus giving rise to the jurisdictional requirement of diversity required by the statute. Diversity is not required between all parties plaintiff and all parties defendant to sustain the jurisdiction of a federal court under the interpleader statute; Section 1335. See, *Tashire, supra.*

The more serious question in the case, however, involves the claim of Issa that all litigation between the parties should be conducted within the confines of one action. The leading case on this subject is *Tashire, supra.* In *Tashire* Mr. Justice Fortas made it clear that ". . . [T]he mere existence of such a fund [money interpleaded by a liability insurance carrier] cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly

contest with respect to the fund." *Tashire, supra* at 534, 87 S.Ct. at 1205.

As Mr. Justice Fortas mentioned in *Tashire,* there may be situations where the fund marks the outer limits of the controversy, and the effect of the interpleader is to confine the total litigation to a single forum and proceeding. But, as in *Tashire,* such a situation does not exist in the action sub judice. The fact that Maryland properly invoked the interpleader jurisdiction of this court under Section 1335, does not, however, entitle Maryland to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding, and also extending such protection to Issa, its insured.

To sustain the position of Issa would require Evans, Jr. and Sauter, citizens of Mississippi, to litigate their differences with Issa, likewise a citizen of Mississippi, in this court, when they would not otherwise be required to do so, thus depriving them of substantial rights.

■ Maryland, who instituted the action, has an interest only in the $20,000.00 interpleaded in this action. That interest receives vindication when the court restrains claimants from seeking to enforce against it any judgment obtained against Issa, except in the interpleader proceeding itself. The Supreme Court held in *Tashire, supra,* that interpleading funds pursuant to Section 335 did not entitle the insurer to an order both enjoining prosecution of suits against it outside the confines of the interpleader proceeding and also extending protection to its insured, the alleged tortfeasor.

■■ Maryland's right of action in the action sub judice is limited by the *Tashire* decision, and, the court cannot find that the scope of the action should be enlarged to allow Issa to intervene and bring within the confines of this proceeding the total litigation between the parties.

In summary, the court holds that in an interpleader action, such as the one

sub judice, the court is concerned only with the needs for the orderly contest of the interpleaded fund. Those who are claimants to the fund will be heard as to their claims for an equitable share. The manner in which conflicting claims will be heard and decided rests in the sound discretion of the court and will proceed as the court directs.

Issa has one claim, however, which justifies a limited intervention. Maryland claims that the court should allow and order paid from the fund its reasonable costs, including attorney fees. Issa contests this claim and should be allowed to intervene for the limited purpose of doing so.

The court will enter an order to carry out the holding of the court as set forth in this Memorandum.