**MARYLAND CASUALTY COMPANY,**
**Plaintiff,**

v.

**Carolyn Evans SAUTER et al.,**
**Defendants.**

**No. EC 71–112–S.**

United States District Court,
N. D. Mississippi, E. D.

Feb. 12, 1973.

John B. Clark of Daniel, Coker, Horton, Bell & Dukes, Jackson, Miss., for plaintiff.

Richard B. Booth, Aberdeen, Miss., Thomas J. Tubb, Tubb & Stevens, West

Point, Miss., Robert D. Patterson and Jan P. Patterson of Patterson, Malski & Patterson, Aberdeen, Miss., Taylor B. Smith of Threadgill & Smith, Columbus, Miss., P. J. Townsend, Jr., Townsend & McWilliams, Drew, Miss., for defendants.

William M. Dye, Jr., Asst. U. S. Atty., Oxford, Miss., for intervenor.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

This court by an order entered July 6, 1972, 344 F.Supp. 433, overruled a motion by Edward J. Issa (Issa) to intervene in the action sub judice, except for the limited purpose of contesting plaintiff's right to an allowance of a reasonable attorney's fee from the interpleaded fund. Issa timely filed a notice of appeal from the court's order to the United States Court of Appeals for the Fifth Circuit. Thereafter, on Issa's motion, the appeal was dismissed. The order of dismissal is dated October 20, 1972.

Issa has now filed an amended motion to intervene. The motion is, to some extent at least, similar to the original motion which was the subject of the court's order of July 6, 1972. There is one material difference, however, which presents a new question for the court. In the amended motion Issa contends that Carolyn Evans Sauter (Sauter), one of the claimants to the fund, was guilty of negligence which was the sole or at least a contributing cause of the accident and out of which the litigation springs. This being true, Issa contends he should be permitted to contest the right of Sauter to participate in the fund, or, in any event, the extent to which she should be allowed to participate. Issa also contends that Julian T. Evans, Jr. (Evans) was a joint venturer with Sauter on the occasion in question and that Evans' claim to the fund is subject to the same defense as that interposed to Sauter's claim. Issa reasons that the insurance represented by the interpleaded fund is limited, and, since there are other claims, it behooves him to contest the claims of Sauter and Evans.

The motion to intervene is not opposed by any defendant, except Sauter, who contends that she should not be compelled to litigate with Issa the negligence question in the action sub judice. The motion seeks an order permitting Issa to file a counterclaim or cross-claim against Sauter or permitting him to litigate the issues of negligence and proximate cause with Sauter, or adjudicating that his claim is not one which must be determined by counterclaim pursuant to Rule 13 F.R.Civ.P.

Sauter and Issa are citizens of Mississippi and cannot solve their differences in a federal court, unless the court requires them to do so in this action. The record reflects that Evans has sued Sauter and Issa in the Circuit Court of Monroe County, Mississippi. This action cannot be removed to this court as diversity of citizenship does not exist.

Molly Anne Shinn (Shinn), a minor, was a passenger in the Sauter automobile. Shinn is a citizen of California, and the federal court has jurisdiction of her claim against both Sauter and Issa, as diversity exists. Shinn's federal court action could be filed in this division (Aberdeen) where Sauter resides or in the Greenville Division where Issa resides.

The court has previously held that "[t]he manner in which conflicting claims will be heard and decided rests in the sound discretion of the court and will proceed as the court directs".

For the reasons given in the court's Memorandum of Decision which accompanied the court's order of July 6, 1972 the court finds that it would be inappropriate for the scope of the action to be enlarged so as to bring within the confines of the action the total litigation between the parties. To permit Issa to litigate with Sauter the proximate cause of the collision of the vehicles in the ac-

tion sub judice would, for all practical purposes, determine their respective rights in the controversy. This would compel Sauter to litigate the issues in a forum, not of her choosing, and in which she could not otherwise be required to litigate.

The Supreme Court held in State Farm Fire and Casualty Co. v. Tashire, 386 U.S. 523 at 535, 87 S.Ct. 1199 at 1206, 18 L.Ed.2d 270 at 278:

> That interest [plaintiff's] receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself. To the extent that the District Court sought to control claimants' lawsuits against the insured and other alleged tort-feasors, it exceeded the powers granted to it by the statutory scheme.

The case of Travelers Indemnity Company v. Greyhound Lines, Inc., 260 F. Supp. 530 (W.D.La.1965) was decided before Tashire. In that case Judge Hunter said:

> Travelers is entitled to deposit its fund (or bond) and have this Court distribute it proportionately to the extent necessary or possible to satisfy any lawful obligations against the fund, . . . This Court has ample resources to assure, as appropriate, that it retain exclusive control and power over this fund, and this we can do without depriving the claimants of their valuable right to have the personal unlimited liability of Greyhound and All Woods determined in the forum of their choice. This can be effectively accomplished by enjoining execution against Travelers under any judgment rendered against it until the actions elsewhere have been finally determined and the claims of all are liquidated by judgment. (260 F.Supp. at 535).

Travelers was affirmed by the Fifth Circuit, 377 F.2d 325 (1967). The court held:

> The Court [Tashire Court] declared that the insurance carrier's interest, which is the fulcrum of the interpleader procedure, "receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself." Ibid.

■ We find no material factual difference between the instant case and Tashire; hence, the latter is controlling here. Moreover, we think the judgment of the court below, which granted an injunction only with respect to proceedings against the fund itself, correctly applied, and in fact anticipated, the principles later enunciated in the Tashire case. (377 F.2d at 327, 328).

■ The court is of the opinion that the motion to intervene should be overruled. The court is of the further opinion that all proceedings herein should be stayed for the present and that all parties should be permitted to proceed in a forum of their choice to have the liability of plaintiff's insured, Issa, determined. The injunction heretofore entered should be amended so as to permit the parties to proceed as has been indicated but retaining that part of the injunction which prohibits claimants from attempting to collect or otherwise to enforce payment of any judgment obtained against Issa from plaintiff, or from the interpleaded funds, until the actions elsewhere have been finally determined and the claims of all are liquidated by judgment.

■ Issa seeks an adjudication from this court that the claim which he seeks to assert against Sauter and/or Evans by way of counterclaim is not one which he is required to assert by the compulso-

ry provisions of Rule 13(a) F.R.Civ.P. Since Issa is not a party to the action sub judice there is no duty imposed upon him by the stated rule. The petition to intervene having been denied, Issa is not afforded the opportunity of pleading in the action. Thus, no counterclaim is required or permitted.

An appropriate order will be entered by the court.