**EMPIRE FIRE AND MARINE INSUR-ANCE COMPANY, Plaintiff,**

v.

**Troy CRISLER et al., Defendants.**

**Civ. A. No. J75–145(R).**

United States District Court, S. D. Mississippi, Jackson Division.

Jan. 5, 1976.

Charles T. Ozier, Jackson, Miss., for plaintiff.

John T. Armstrong, Hazlehurst, Miss., James P. Cothern, Jackson, Miss., James E. Lever, Hazlehurst, Miss., Heber A. Ladner, Jr., Sam E. Scott, H. A. Courtney, Robert W. King, Kenneth G. Perry, Joseph L. McCoy, Jackson, Miss., Robert O. Allen, Brookhaven, Miss., Robert A. Crawford, Jackson, Miss., for defendants.

OPINION

DAN M. RUSSELL, Jr., Chief Judge.

Empire Fire and Marine Insurance Company, a Nebraska corporation qualified to do business in Mississippi, has

---

filed its complaint for interpleader under the provisions of Rule 22 of the Federal Rules of Civil Procedure, and has named certain defendants claiming that said defendants are adverse claimants, each of whom has claimed or may claim the proceeds of an automobile liability insurance policy issued by plaintiffs to defendant, Bobby Gaddy, the named insured, with policy limits of $10,000.00 for personal injury to one person, $20,000.00 for injury to more than one person in each occurrence, and $10,000.00 for property damage. A copy of the policy is attached to the complaint, and plaintiff has paid into the registry of the Court the sum of $20,000.00, being the policy limits for bodily injury claims, and the sum of $5,555.00, being in excess of what plaintiff believes its liability to be for property damage.

The action arises out of a multiple vehicular accident, including a 1970 Chevrolet tractor-truck and a 1956 Dunham trailer, constituting one vehicle, covered by plaintiff's policy, the owner and named insured being the aforesaid Gaddy, and the driver at the time of the accident being Troy Crisler, an insured under the omnibus clause of the policy. Although naming Gaddy and Crisler as defendants, plaintiff, in its action of interpleader, does not seek to avoid liability under the policy, but only to avoid the obligation to defend its insureds against multiple actions that have been filed and may be filed against them in the state courts of Mississippi, this obligation to defend being contractual in the policy. The remaining defendants are individual residents of the State of Mississippi, the Mississippi State Highway Commission and Deviney Construction Company, Inc., a Mississippi corporation, all subject to personal service of process, and Pacific Employers Insurance Company,[1] a California corporation, qualified to do business in Mississippi and subject to state statutory process under F.R.C.P. Rule 4, all process having been accomplished in the manner permitted in a Rule 22 interpleader action. All defendants have answered and cross-claimed against Gaddy and Crisler, as well as against other defendants, and three third-party complaints have been filed against Blain Sand and Gravel, Inc.

Pending before the Court are eight motions seeking to dismiss the various cross-claims and third-party complaints.

## The Accident

In order to place the pleadings and motions in focus, it is necessary to know the involvement of the various parties in the accident. On the morning of December 9, 1974, defendant Troy Crisler was driving the tractor-trailer, owned by defendant Gaddy, north on Interstate Highway 55 in Hinds County, Mississippi, near the small town of Terry. Crisler collided with a 1973 Dodge pick-up truck, being driven by defendant, John Thomas Roberts, owned by Deviney Construction Company, Inc., which vehicle in turn collided with a Chevrolet pick-up truck, owned by defendant Jerry Pierce, in which a minor, defendant Venessa Kaye Pierce, was a passenger, Jo Ann Pierce, deceased, being the driver, which vehicle in turn collided with a 1967 Ford dump truck owned by defendant Mississippi State Highway Commission which was stopped in the highway with the operator, defendant Floyd King, and another Highway Commission employee, defendant William K. Barfield, standing nearby. Jo Ann Pierce and William K. Barfield received fatal injuries in the accident, and Floyd King, John Thomas Roberts and Venessa Kaye Pierce received bodily injuries.

## The Pleadings

In its bill of interpleader, plaintiff avers that it is a mere stakeholder, that all defendants, except Crisler, Gaddy and King, are making claims or may make

---

1. The Court does not consider this company a real party in interest for any recovery by it would be by way of subrogation for medical benefits it may have paid to defendant, John Thomas Roberts.

claims against Crisler, Gaddy, and King, which claims will exceed the policy limits of the coverage extended by plaintiff to its named insured, Gaddy; and that plaintiff, by its interpleader, seeks to avoid double liability as well as the necessity of defending separate suits which may be brought by the adverse claimants. For relief, plaintiff seeks to restrain the defendants from prosecuting any suit against Crisler, Gaddy or plaintiff in any state or federal court seeking the recovery of damages arising out of the described vehicular accident, or executing any judgment which might be obtained; that the Court will discharge plaintiff from any further obligation to pay any sums to said defendants, their heirs, assigns or legal representatives under the contract of insurance for personal injuries resulting from said accident, and will discharge the plaintiff from any further or other obligation to defend Crisler and Gaddy or any other person who might be insured under the said policy, in this Court as well as any other court, and for attorney fees.

As stated above, all defendants have filed answers and cross-claims, in addition to which three third-party complaints have been filed against Blain Sand and Gravel, Inc., which company was not named as a defendant party to the bill of interpleader. Only the cross-claims and third-party complaints, to which motions are directed, are considered. They are as follows:

A. Cross-claim of defendants Velma D. Barfield and Joy Barfield, heirs at law of William K. Barfield, fatally injured in the accident, against Troy Crisler, Bobby Gaddy and Jerry Pierce, Administrator of the Estate of Jo Ann Pierce, deceased, also fatally injured in the accident, for $200,000.00 for the death of Barfield.

B. Cross-claim of Floyd King, injured in the accident, against defendants Crisler, Gaddy and Pierce, in his representative capacity, for $50,000 for personal injuries.

C. Cross-claim of Jerry Pierce, in his representative capacity, against Crisler, Gaddy, King and the Mississippi State Highway Commission for $300,000.00 for the death of Jo Ann Pierce.

D. Cross-claim of John Thomas Roberts, injured in the accident, against Crisler, Gaddy, King and the Mississippi State Highway Commission, for $25,000.00 for personal injuries.

E. Cross-claim of Venessa Kaye Pierce, injured in the accident, against Crisler, Gaddy, King and the Mississippi State Highway Commission for damages in the sum of $25,000.00 for personal injuries. This cross-claimant was added as an adverse claimant after the motion of Crisler and Gaddy to dismiss the cross-claims filed by King, Pierce, Roberts and Barfield was heard, but is included as it should be treated in the same manner as the cross-claim of Pierce in his representative capacity.

F. In addition to their cross-claim against Crisler, Gaddy and Pierce, the heirs at law of Barfield, deceased, have filed a third-party complaint against Blain Sand and Gravel, Inc., alleging that Crisler, although driving the Gaddy tractor-trailer at the time of the accident, was an employee of Blain, and that Crisler's negligence is thereby imputable to Blain.

G. In addition to his cross-claim against Crisler, Gaddy and Pierce, King has also filed a third-party complaint against Blain Sand and Gravel, Inc., making the same allegations as the Barfield heirs.

H. The Mississippi State Highway Commission, in its answer to the bill of interpleader, did not file a cross-claim against Crisler and Gaddy for property damage to its truck, but filed a third-party complaint for property damage against Blain Sand and Gravel, Inc. on the grounds that Crisler was its employee, and therefore his negligence was imputable to Blain.

### Pending Motions

Before disposing of the eight pending motions herein, the Court notes that, while the adverse claims for property

damage, such as have been filed, do not appear to exceed the policy limits in the sum of $10,000.00, the tort claims set forth in the cross-claims far exceed the policy limits for bodily injuries, as well as including claims against cross-defendants other than Crisler and Gaddy, the insureds. Likewise, two of the third-party complaints against Blain Sand and Gravel Co., Inc., exceed the funds interpled by plaintiff. Under these circumstances the Court feels bound by the decision in *State Farm Fire & Casualty Company v. Tashire,* 386 U.S. 523, 87 S.Ct. 1199, 18 L.Ed.2d 270, wherein the Supreme Court, in a statutory interpleader action under 28 U.S.C. § 1335, found that, when interpleader is sought against persons with unliquidated tort claims against the insured, the claimants may be enjoined from asserting their rights to the proceeds of the insurance policy except within the interpleader action, but they cannot be enjoined from establishing their claims against the insured in a forum of their own choosing. Although it was found that the plaintiff insurance company in *Tashire* had properly invoked the interpleader jurisdiction under § 1335, the Supreme Court, found, however, that the insurance company was not entitled to an order, both enjoining prosecution of suits against it outside the confines of the interpleader proceeding, and also extending such protection to the alleged tortfeasor. The Court continued by saying still less was the owner of the other vehicle involved in the accident, "entitled to have that order expanded so as to protect itself and its driver, also alleged to be tortfeasors, from suits brought by its passengers in various state or federal courts." Because in *Tashire,* the scope of the litigation, in terms of parties and claims, was vastly more extensive than the confines of the fund, the Supreme Court held that, under such circumstances, "the mere existence of a fund cannot, by use of interpleader, be employed to accomplish purposes that exceed the needs of orderly contest with respect to the fund." In remanding the *Tashire* case to the district court, the Supreme Court in commenting on the extent to which an injunction could be issued found that the interpleader's interest in the fund interpled "receives full vindication when the court restrains claimants from seeking to enforce against the insurance company and judgment obtained against its insured, except in the interpleader proceeding itself. To the extent that the District Court sought to control claimants' lawsuits against the insured and other alleged tortfeasors, it exceeded the powers granted to it by the statutory scheme."

Also see *Travelers Indemnity Company v. Greyhound Lines, Inc.,* 5th Cir., 377 F.2d 325, in which the Appellate Court found that it was bound by the *Tashire* limitations, and affirmed a lower court decision, saying "We find no material factual difference between the instant case and *Tashire*; hence, the latter is controlling here. Moreover, we think the judgment of the court below, which granted an injunction only with respect to proceedings against the fund itself, correctly applies, and in fact anticipated, the principles later enunciated in the *Tashire* case." Also see Judge Orma R. Smith's decision in *Maryland Casualty Company v. Sauter,* D.C., 344 F.Supp. 433.

While the cited decisions above involved statutory interpleader and while this Court is mindful that a comparison of statutory interpleader with that brought under Rule 22, show some variances in jurisdictional and venue requirements, this Court has no doubt in its mind but that the injunctive limitations found in the above cases are equally applicable to a Rule 22 interpleader. See *Preferred Risk Mutual Insurance Company v. Greer,* D.C., 289 F.Supp. 261.

The motions must be dealt with in the light of the limited injunctive relief this Court may give.

1. The motion of Crisler and Gaddy to dismiss the cross-claims for personal injury damages filed by King, the two Pierces, Roberts and Barfield is granted except to the extent of the policy limits.

2. The motions of Pierce to dismiss the cross-claims of the Barfields and King for personal injury damages against him as representative of his wife's estate are granted.

3. The motion by Pierce to dismiss the interpleader action or join Blain Sand and Gravel, Inc. is denied without prejudice to Pierce to refile his motion in the eventuality of an interpleader filed herein by the automobile liability insurer of Blain Sand and Gravel.

4. The motion of the Mississippi State Highway Commission to dismiss the cross-complaints of Pierce, in his representative capacity, Venessa Kaye Pierce, and Roberts is granted.

5. The motion of Blain Sand and Gravel, Inc. to dismiss the third-party complaints filed by King, the Highway Commission and the Barfields is granted, with the right to King, the Highway Commission and the Barfields to file cross-claims in the event of the eventuality stated in three above.

The remaining motion by Pierce to compel discovery from Crisler and Gaddy is granted. Pierce's motion is directed to obtaining discovery as to the relationship between Crisler and Blain Sand and Gravel, Inc. Pierce should be allowed to explore this relationship on the basis of his allegations that Crisler is also the employee of Blain Sand and Gravel, whose automobile liability insurer may be one and the same as Gaddy's insurer. Until such a fact is determined through discovery or admissions, this motion should be granted.

An appropriate order or orders may be submitted.