UNITED STATES of America, Plaintiff,

v.

AMERICAN FILM INSTITUTE et al., Defendants.

Civ. A. No. 77–1654.

United States District Court, District of Columbia.

June 30, 1978.

Barbara Allen Babcock, Asst. Atty. Gen., Stuart E. Schiffer, Patricia N. Blair, Christine Macaluso, Civ. Div., Dept. of Justice, Washington, D. C., for plaintiff.

Rodney F. Page, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D. C., for American Film Institute.

Peter Jaszi, Washington, D. C., for Killiam.

Thomas Penfield Jackson, Washington, D. C., for Epoch.

## ORDER

FLANNERY, District Judge.

This matter comes before the court on the motion of defendant Epoch Producing Corp. for judgment on the pleadings. Plaintiff, the United States Library of Con-

gress, filed this suit in the nature of interpleader for a determination of the true rights of access and use possessed by the three defendants to certain film materials 1, which include an original print of the silent film *The Birth of a Nation*. It appears that the Library of Congress had at some time in the past acquired possession, but not title, to these film materials from the three defendants. Defendants American Film Institute and Killiam Shows, Inc. were the original donors to the Library. The original intent of the donations was to assure that the Library could adequately preserve the somewhat delicate original prints of the film. After taking possession of the film for these purposes, the Library learned that Epoch was copyrighting certain segments of the materials at issue. When Epoch accomplished this copyrighting, it too conveyed a possessory interest in the film materials to the Library. Having accomplished this, Epoch and the other two defendants began a series of inconclusive litigations to determine the true ownership of the film materials. An offshoot of this litigation was that the Library was restrained from copying the film for archival purposes, as a result of which the film was in danger of completely deteriorating. In order to prevent the loss of this important film classic, the Library attempted to obtain grants of the legal titles to these film materials from the defendants. A. F. I. and Killiam agreed, and together they conveyed legal title to the Library with the provisos that they retained the right to copy the film and to veto the inspection and copying of the film by any other party. Epoch conveyed its legal title to the Library separately, and on the strength of its copyrights, also reserved the exclusive right to copy and gain access to the film, and to veto such access and copying by anyone else. Therefore, A. F. I. and Killiam, on the one hand, and Epoch on the other now assert conflicting claims to access and use of the film, and the United States, in the hope of resolving this dispute, has filed this suit in the nature of interpleader.

Defendant Epoch has moved for judgment on the pleadings on the grounds that this is not a proper interpleader action. Epoch advances two justifications for this position. First, Epoch contends that since the dispute does not involve actual property rights, but only the rights to access to the film materials, which were created by separate instruments of gift, then interpleader is improper. Second, Epoch insists that even if interpleader is otherwise proper here, since the Library accepted title to the film with the knowledge that it was subject to conflicting claims, then the Library should be barred from suing in interpleader. The other two defendants have expressed no position with regard to this motion although they will be bound by the determination of the propriety of the interpleader action in this case. Each of the justifications advanced by Epoch will be analyzed separately.

I.  *Absence of property rights in dispute.*

The United States has filed this suit pursuant to 28 U.S.C. § 1345 (district court jurisdiction of suits filed by the United States), and Federal Rule of Civil Procedure 22. Plaintiff has, therefore, chosen not to invoke the statutory interpleader provision in 28 U.S.C. § 1335. Rule 22 states in pertinent part:

> Persons having claims against the plaintiff may be joined as defendants and required to interplead when their claims are such that plaintiff is or may be exposed to double or multiple liability. It is not ground for objection to the joinder that the claims of the several claimants or the titles on which their claims depend do not have a common origin or are not identical but are adverse to and independent of one another, or that the plaintiff avers that he is not liable in whole or part to any or all of the claimants.

This rule is to be construed liberally. *Dakota Livestock Co. v. Keim,* 552 F.2d 1302, 1306 (8th Cir. 1977); *Underwriters at Lloyd's v. Nichols,* 363 F.2d 357, 365–66 (8th Cir. 1966); *Travelers Indem. Co. v. Greyhound Lines, Inc.,* 260 F.Supp. 530, 532–33 (W.D.La.1966), *aff'd* 377 F.2d 325 (5th Cir.), *cert. denied,* 389 U.S. 832, 88 S.Ct. 101, 19

L.Ed.2d 91 (1967). The purpose of this rule is not only to protect against multiple liability, but also to allow plaintiff to avoid the vexation of multiple lawsuits. *Dakota Livestock Co. v. Keim, supra.* The past history of the dispute over the film materials at issue here clearly indicates that if plaintiff is not allowed to maintain this interpleader action, a multiplicity of expensive and time-consuming lawsuits is bound to result. As such, it appears that allowing this lawsuit to continue as an interpleader action would vindicate the purposes of Rule 22.

Defendant Epoch, however, contends that an interpleader action may properly involve only property rights. It is undisputed that the instant suit does not involve such rights, but rather concerns rights to access and use of certain materials. A reading of Rule 22, however, indicates that the rule is not limited to property rights, but to multiple, adverse claims such as exist here. Indeed, cases involving interpleader have not been solely limited to the vindication of property rights. *See Elliot v. Federal Home Loan Bank Board,* 233 F.Supp. 578 (S.D.Cal.1964) (Bank Board a proper defendant in interpleader even though it had no property interest in the *res* but only an interest in seeing to the proper distribution of the *res* ), *reversed on other grounds,* 386 F.2d 42 (9th Cir. 1967); *Xerox Corp. v. Nashua Corp.,* 314 F.Supp. 1187, 1189 (S.D.N.Y. 1970) (Rule 22 requires no specific stake or fund, but only the threat of multiple liability on a single obligation). The present case would appear to be of the type contemplated by Rule 22 despite the absence of conflicting property claims. Indeed, the conflicting interests advanced by the defendants in this case are closely akin to property interests, involving as they do the full beneficial use of the materials in question. In any event, the action in interpleader is not as limited as Epoch would have this court believe, and, therefore, the complaint may not be dismissed nor judgment granted to defendant on this basis.

Similarly, Epoch contends that the various rights asserted by the defendants in this case arose from separate instruments of gift, and that, therefore, interpleader is improper since the Library owes separate and distinct duties under each instrument. However, contrary to Epoch's assertion, it does not appear that the deeds of gift created any new or conditional rights. Rather, the Library received only bare legal title to the film. The beneficial use, as if this were some type of trust, remains with the donors. The rights retained by the donors are mutually exclusive, and, therefore, the requirements of Rule 22 have been met.

## II. *Prior Knowledge of Disputed Claim.*

Defendant's second claim is that, even if interpleader is proper here, this suit should be barred since plaintiff knew when it took possession and later title to these materials that they were subject to disputed claims. It is true that interpleader is an equitable action, and thus the defense of "unclean hands" could operate to prevent resolution of the lawsuit. However, Epoch's primary support for this proposition is the opinion in *Kent v. Northern Calif. Regional Office of Am. Friends Service Comm.,* 497 F.2d 1325 (9th Cir. 1974). In that case, plaintiff voluntarily took money from individuals which would otherwise have been used to pay federal taxes. Plaintiff accepted these payments in trust as part of a plan by which plaintiff would then file a suit in interpleader against the trustors and the United States government, thereby hoping to make the United States justify its use of tax monies to support the war in Viet Nam. The court in *Kent* found numerous reasons for finding this tactic deficient, including the equitable considerations invoked by Epoch in the present case. However, it does not appear that plaintiff in this case has so misused the interpleader procedure that it should be dismissed as a result. Plaintiff apparently took possession of the film materials before any dispute arose. Plaintiff requested and received legal title to the print from A. F. I. and Killiam at a time when a separate pending lawsuit was on the verge of settling the dispute. When title was transferred from A. F. I. and Killiam to plaintiff, Epoch

immediately took a voluntary nonsuit in the pending litigation, thereby depriving the parties of any clarification. Plaintiff, seeking to preserve an important film work and anticipating a resolution in the title dispute, was, therefore, plunged into its present confusing situation. It does not appear that plaintiff has sought to abuse the procedure of this court; rather, it appears that plaintiff is simply a victim of circumstances beyond its control. As such, equitable considerations do not intervene to prevent the maintenance of this suit in interpleader.

For these reasons, and upon consideration of the motion of defendant Epoch Producing Corp. for judgment on the pleadings, the memoranda submitted in support thereof and in opposition thereto, oral argument thereon, and the entire record before the court, it is, by this court, this 30th day of June, 1978,

ORDERED that the motion of defendant Epoch Producing Corp. for judgment on the pleadings be, and the same hereby is, denied.