[Civ. No. 56781. Second Dist., Div. Five. Oct. 23, 1979.]

DEPARTMENT OF EDUCATION, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
JAMES L. JONES MEMORIAL FOUNDATION, INC., et al.,
Real Parties in Interest.

**COUNSEL**

George Deukmejian, Attorney General, Anne S. Pressman and Ellyn ´S. Levinson, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

No appearance for Real Parties in Interest.

**OPINION**

ASHBY, J.—On June 19, 1979, petitioner filed an interpleader action in respondent court, naming as defendants the real parties herein and depositing with respondent the interpleaded funds. Petitioner also sought injunctive relief, pursuant to Code of Civil Procedure section 386, subdivision (f), to restrain defendants from filing or further prosecuting any other actions against petitioner with respect to entitlement to the interpleaded funds. Petitioner asserts that one such additional action has

already been filed against it by real party Catering Services and Management. Inc.,[1] and that real party James L. Jones Memorial Foundation has also threatened to file suit against petitioner.

The order to show cause on petitioner's request for a preliminary injunction was heard in respondent court on July 2, 1979. None of the real parties filed written opposition to the issuance of a preliminary injunction, although Commonwealth Financial Corporation appeared and opposed it orally. Respondent denied petitioner's motion for a preliminary injunction, without giving any reasons for its action.

Upon filing of the present petition, we issued a stay order enjoining real parties from bringing or prosecuting any other actions against petitioner with respect to the funds which are the subject of the interpleader action. We then issued an alternative writ of mandate and set the matter for oral argument. None of the real parties in interest filed a written return in opposition to the writ, and none appeared at the hearing in this court. Nor have we received any response to the petition or to the alternative writ from respondent court.

Code of Civil Procedure section 386, subdivision (f) provides: "After any such complaint or cross-complaint in interpleader has been filed, the court in which it is filed may enter its order restraining all parties to the action from instituting or further prosecuting any other proceeding in any court in this state affecting the rights and obligations as between the parties to the interpleader until further order of the court."

■ Although the language of the statute is discretionary, the discretion which a trial court enjoys is not unlimited. In the instant case, petitioner has made more than a prima facie showing of the need for injunctive relief. Petitioner has shown an actual, not merely a hypothetical, danger of a multiplicity of suits. The unnecessary filing of multiple suits will inconvenience not only petitioner, but the judicial system as well. Real parties have not come forward with any explanation whatever of why the pending interpleader action is inadequate to preserve their rights to the funds in question or how they would be damaged if the preliminary injunction issued. Under these circumstances it was an abuse of discretion for respondent to deny petitioner's request for a preliminary injunction.

---

[1]Said action is entitled Catering Services and Management, Inc. v. State of California, etc. (Super. Ct. Los Angeles Co. No. C 288949).

Let a peremptory writ of mandate issue directing respondent to vacate its order of July 2, 1979, denying petitioner's request for a preliminary injunction in that matter entitled California State Department of Education v. James L. Jones Memorial Foundation, Inc., etc., (Super.Ct. Los Angeles Co. No. C 288593), and enter a new and different order granting said preliminary injunction.

Kaus, P. J., and Hastings, J., concurred.