Opinion
BOONE, P. J.
Cross-defendant Shamrock Materials, Inc. (Shamrock) appeals from orders restraining it from further prosecuting Marin County Municipal Court action No. 68140 against defendant and cross-complainant Surety Company of the Pacific (Surety).
*Supp. 31 In the Marin County action Shamrock obtained a summary judgment in the sum of $1,224.24 plus interest and costs based on a statutory contractor’s license bond (Bus. & Prof. Code, § 7071.5 et seq.) issued by Surety on behalf of defendant Louis M. Piver. The present action against Surety, brought by a second claimant, is also based on the bond. Shamrock was notified of this second claim together with a further claim of the Carpenters Trust Fund prior to the time Shamrock moved for summary judgment.
In this action Surety filed a cross-complaint in interpleader (Code Civ. Proc., § 386) and moved for an order restraining all parties to the action from instituting or further prosecuting any other proceeding which affects the rights and obligations of the parties to the interpleader (Code Civ. Proc., 386, subd. (f)). Pursuant to that motion, Shamrock was and is restrained from further prosecuting the Marin County action.
The restraining orders (injunctions?) are appealable. (Code Civ. Proc., § 904.2, subd. (g); 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 77, p. 4088.)
On the merits, the trial court clearly had jurisdiction to make the orders. (Code Civ. Proc., § 386, subd. (f); Department of Education v. Superior Court (1979) 97 Cal.App.3d 977, 979 [159 Cal.Rptr. 265].) The circumstance that Shamrock’s claim has been reduced to judgment does not preclude such restraint. Section 386, subdivision (f), is not limited by its terms to unliquidated or unadjudicated claims. The statute authorizes an order restraining either “instituting” or “further prosecuting” any other proceeding.
Nor should such a statutory limitation be implied. A restraint against enforcing a judgment, as here, may be essential to the protection of inter-pleader jurisdiction. (Treinies v. Sunshine Min. Co. (1939) 308 U.S. 66, 74 [84 L.Ed. 85, 91, 60 S.Ct. 44], interpleader action based on inconsistent judgments in two States; see Big Lake State Bank v. Morris’ Estate (N.D. Tex. 1961) 202 F.Supp. 115, 118.)
Indeed, there may be situations in which the various claimants to particular property or a fund should be permitted to proceed to judgment in a proper forum of their choice, being restrained in the interpleader action only as to the enforcement of any judgment so obtained. That is the established practice under rule 22, Federal Rules of Civil Procedure (28 U.S.C.). (State Farm Fire & Cas. Co. v. Tashire (1967) 386 U.S. 523, 536 [18 L.Ed.2d 270, 278 87 S.Ct. 1199]; Empire Fire & Marine Ins. v. Crisler (S.D. Miss. 1976) 405 F.Supp. 990, 993; Maryland Casualty Company v. *Supp. 32 Sauter (N.D. Miss. 1973) 58 F.R.D. 466, 468.) As revised in 1975, the California statute is in conformity with rule 22. (3 Witkin, Cal. Procedure (2d ed. 1983 Supp.) Pleading, § 217A, p. 120.) Hence, section 386 should receive the same construction. Jurisdiction to restrain “further prosecuting’’ another action includes jurisdiction to restrain collection of the judgment.
The question is not one of competing courts of concurrent jurisdiction. The restraint is directed only at Shamrock, not to the Marin court. Moreover, the jurisdiction involved is that of maintaining the interpleader cross-action, which is solely vested in the trial court herein.
Neither is there a collateral attack on the Marin judgment. The validity of Shamrock’s claim is not in question. The interpleader cross-action seeks only to apportion the amount of the bond among the claimants.
Finally, no facts are presented establishing laches or any other equitable defense to the restraining orders.
The orders are therefore affirmed.
Sater, J., and Gallagher, J., concurred.