CARL D. SMITH and Another, Appellants, *v.* BROCTON PRESERVING COMPANY, INC., Respondent, Impleaded with BANK OF BROCTON, Defendant.

Fourth Department, May 5, 1937.

*William S. Stearns,* for the appellants.

*Edwin G. O'Connor,* for the defendant-respondent Brocton Preserving Company, Inc.

*Elmer O. Brinkman,* for the defendant Bank of Brocton.

CROSBY, J. This is an appeal by plaintiffs from an order setting aside a verdict of $2,500 in their favor and granting a new trial unless plaintiffs stipulate to reduce the verdict to the sum of $1,008.40.

Plaintiffs entered into two written contracts with the defendant preserving company by which they undertook to perform certain work on a construction job. The first contract was dated March 5, 1935, and provided for doing certain work " in accordance with * * * plans and specifications " for $900, the work to be completed by April fifteenth, " weather permitting." The second contract was dated March 29, 1935, and provided that plaintiffs would do further work " to the complete satisfaction of the [defend-

ant's] engineer " for the sum of $1,800, the work to be completed by May sixteenth, " weather permitting." In each contract payments in installments were provided for as the work progressed. The second contract had in it this provision: " We [plaintiffs] agree to furnish owner [defendant] with a $2,000 bond which shall be his [its] protection and show our good intent in this work."

Both sides appear willing to construe this provision as requiring a bond that plaintiffs would complete the job and pay their laborers so that defendant would not be bothered with mechanics' liens.

It is undisputed that on June 12, 1935, the work on the first contract was ninety-five per cent done, and the work on the second contract was seventy-seven and one-half per cent done; that plaintiffs were not paying their laborers; that some of the laborers were quitting, and that, for that reason, defendant ejected plaintiffs and their men from the job and secured the completion of the work by other means.

Plaintiffs sued for the value of the work done. They made defendant bank a party defendant because they had assigned to the bank what they had coming from defendant preserving company, and the bank refused to join as a plaintiff. The bank has not appealed.

During the progress of the work defendant paid an aggregate of $1,703.92 either to plaintiffs or for their benefit to apply on labor claims. Of this amount $912.32 was paid on the first contract, which overpaid the contract price by $12.32. If the contract prices were to control the amount of recovery, it is clear that plaintiffs could not recover more than about $1,000. The trial court charged the jury in effect that, if they found that defendant had waived the giving of the bond by plaintiffs, so that plaintiffs did not stand in default in any way, then plaintiffs could recover the value of their work. Under that instruction the jury gave a verdict for $2,500. In setting the verdict aside the trial court wrote an opinion which seems to repudiate the theory on which the case was submitted to the jury. The opinion states that plaintiffs cannot, in any case, recover more than the contract price. We think this is error. (*Borup* v. *Von Kokeritz*, 162 App. Div. 394; *Jones* v. *Judd*, 4 N. Y. 411; *Matter of Krooks*, 257 id. 329; *Matter of Tillman*, 259 id. 133; *Matter of Montgomery*, 272 id. 323.)

If it be found that plaintiffs were in default in the performance of their contracts by failing to give the bond or for other reason, then defendant had a right to terminate the contracts with plaintiffs, complete the work itself, and charge plaintiffs with whatever it cost more than the contract prices. But, if the giving

of the bond is found to have been waived by defendant, and plaintiffs are found not to have been otherwise in default, then defendant, by terminating the contracts, subjects itself to liability for whatever the work is worth, regardless of contract price.

Therefore, we cannot approve the theory upon which the verdict was set aside. However, we think the jury should have been instructed that the prices agreed upon in the contracts should be considered, among other things, " as a guide for ascertaining *quantum meruit.*" (*Matter of Tillman,* 259 N. Y. 133, 135.) The appraisal of the value of the work which the parties themselves made when they agreed upon a price is a very important thing for a jury to consider, and failure to have that suggested to their minds may have resulted in this verdict for two and a half times the amount that would be due under the contracts even had plaintiffs completed them. And one of the plaintiffs himself testified, in substance, that they would have come out all right financially with the contract price had the contract not been terminated, thereby indicating that the contract prices were adequate compensation for the work. " Q. You knew where you stood? A. Yes, we knew we were coming out — Q. You knew you were coming out how? A. Yes, if we had the money coming to us we would have come out all right. Q. Do you mean to tell this court and jury that you had figured it out so that you could come out on this job? A. Yes."

We think, therefore, that the trial court's discretion in setting aside the verdict for being excessive was properly exercised, not on the theory that plaintiffs could not recover more than the contract prices, but upon the theory that the verdict was excessive in any case. The plaintiffs may accept the reduction provided for in the order, or have a new trial.

The order appealed from should be affirmed, with ten dollars costs and disbursements.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order affirmed, with costs.