### UNITED STATES for use of WANDER et al. v. BROTHERTON et al.

United States District Court
S. D. New York.
July 17, 1952.

Max E. Greenberg, New York City, Robert Goldstein and Max E. Greenberg, New York City, of counsel, for plaintiffs.

Winthrop, Stimson, Putnam & Roberts, New York City, Merrell E. Clark, Jr., New York City, of counsel, for defendants.

WEINFELD, District Judge.

This is a motion for partial summary judgment in an action commenced under the Miller Act [1] by the plaintiffs, subcontractors, against the prime contractors and their surety to recover the value of work, labor and services performed by the plaintiffs.

The subcontractors and the prime contractors entered into an agreement under which the former agreed to furnish labor and materials for metal work in the construction of a government hospital. The contract price was $137,926 of which $119,-792.16 has been paid. But the plaintiffs do not sue upon the contract to recover the unpaid balance of $18,133.84. Instead they seek recovery of $64,252.32 on a quantum meruit claim for the labor and materials furnished on the job. The total fair and reasonable value of the work is alleged to be $184,044.48 and plaintiffs have credited the defendants with the amounts paid by them under the contract leaving the balance sued for herein. The substance of the

1. 40 U.S.C.A. § 270a et seq.

plaintiffs' theory is that they incurred increased and additional expenses for wages and materials not contemplated by the contract solely by reason of unwarranted delays on the part of the defendants; that such delays were so protracted as to cause plaintiffs to deem the contract abandoned by the defendants. The plaintiffs in so proceeding rely upon "an accepted principle of contract law, often applied in the case of construction contracts, that the promisee upon breach has the option to forego any suit on the contract and claim only the reasonable value of his performance." [2]

Plaintiffs by their present motion seek partial summary judgment for $20,688.32 comprised of the following: $18,133.84 the balance under the contract; and two items of extra work, one for $954.48 and another for $1,600. They contend they are entitled to such relief since no dispute exists with respect thereto.

With respect to the first item it is true that the defendants conceded upon their examination before trial that the unpaid balance is due plaintiffs under the contract; but this concession was not without its restrictions. It was conditioned upon execution and delivery of certain releases by plaintiffs to defendants and others which defendants say they are entitled to under clauses 5H and 5K of the contract. Defendants contend that since plaintiffs have refused to comply therewith they are not entitled to the balance. The meaning of these clauses is in dispute.

■ Plaintiffs under the theory of their claim must establish (1) that the defendants breached or abandoned the contract and (2) the reasonable value of the labor and materials. Assuming arguendo that plaintiffs succeed on the first of these elements, the determination of which involves disputed issues of fact, thereby becoming entitled to recover on a quantum meruit claim, it does not follow that the motion must be granted. A concession that a balance is due under an express contract, payment of which is conditioned upon delivery of releases required by the terms of the contract, is not a concession that the sum represents a balance due and owing under a quantum meruit theory. In the first instance fair and reasonable value is not at issue whereas it is the core of the controversy in the other.

■■ In an action on a quantum meruit count, the stipulated price in a contract claimed to have been abandoned may be considered together with other evidence in determining fair and reasonable value but it is not conclusive. It is only some evidence of value. It does not follow from the fact that the action is brought upon a quantum meruit theory that the recovery must necessarily be equal to or exceed the contract price. The ultimate recovery may be more or less than the contract price since the basic question is always the fair and reasonable value of the work or services performed and materials furnished.[3] Since there is a dispute on this item under the complaint, both with respect to the amount and the meaning of clauses 5H and 5K of the contract, this aspect of the motion is denied.

With respect to the two items of extra work, it is conceded that plaintiffs performed extra work and that a check tendered by the defendants (conditioned upon a release from plaintiffs) included an amount for approved extras. Plaintiffs' sworn statement that one extra for $954.48 and the other to the extent of $1,600 have been approved and paid by the Government to the defendants is not disputed. The affidavit of the defendants' attorney "that no money is now due and owing on the contract between the parties" is insufficient to defeat plaintiffs' claim for the extras. It is significant that no affidavit on these items is tendered by any of the defendants and no explanation is offered for its absence. The plaintiffs' position finds support in a statement of account appearing on defendants' books and no issue

2. United States v. Zara Contracting Co., 2 Cir., 146 F.2d 606, 610.

3. United States v. Zara Contracting Co., 2 Cir., supra, footnote [2]; Restatement of Contracts, Section 347; Matter of Tillman, 259 N.Y. 133, 181 N.E. 75; Smith v. Brocton Preserving Co., 251 App.Div. 102, 296 N.Y.S. 281.

is raised by competent evidence that these amounts are not the fair and reasonable value for the extras. As to these items the motion is granted.

The motion for partial summary judgment is granted with respect to the sum of $2,554.48 and denied as to the item of $18,133.84.

Settle order on notice.