UNITED STATES of America for the Use and Benefit of MANDEL BROS. CONTRACTING CORP. and Mandel Bros. Contracting Corp., Plaintiff,

v.

The P. J. CARLIN CONSTRUCTION COMPANY and Atlas Tile & Marble Works, Inc., as Joint Venturers, Maryland Casualty Company, Travellers Indemnity Company, General Reinsurance Corporation, American Reinsurance Company and American Employers' Insurance Company, Defendants.

No. 65-C-553.

United States District Court
E. D. New York.
May 27, 1966.

Max E. Greenberg, New York City, for plaintiff; Jerome Reiss, New York City, of counsel.

M. Carl Levine, Morgulas & Foreman, New York City, for defendants; David Morgulas, Jerrold Morgulas, New York City, of counsel.

ZAVATT, Chief Judge.

This action arose out of the construction of the United States Courthouse, in which this court sits, and the adjacent Federal Office Building. Plaintiff is the subcontractor who performed the exterior and interior masonry work. Defendants Carlin and Atlas (hereinafter defendant Carlin-Atlas) were the prime contractors. The other defendants are the surety companies which furnished the payment and performance bonds required for all federal construction contracts under the Miller Act. 40 U.S.C. §§ 270a and 270b. Since plaintiff and four of the defendants are New York corporations, there is no diversity of citizenship between the parties.

In its complaint, plaintiff asserts three "causes of action." The first, asserted against all the defendants, alleges that plaintiff performed all "the terms and conditions" of its subcontract with defendant Carlin-Atlas; that it furnished "extra labor and material" at the "instance and request" of defendant Carlin-Atlas; that there is a substantial sum ($184,607.02) due to plaintiff; that defendant Carlin-Atlas has refused to pay plaintiff notwithstanding plaintiff's demands. It is conceded by defendants that plaintiff, in his first "cause of action," has stated a claim upon which relief can be granted under 40 U.S.C. § 270b.

For a second "cause of action" plaintiff alleges defendant Carlin-Atlas' failure to give plaintiff possession of the site on time and failure to timely perform prior work on which plaintiff's performance depended; interference with plaintiff's work by defendant Carlin-Atlas' suspension of parts of the work called for by the subcontract; modification of the masonry layouts; refusal by defendant Carlin-Atlas to make payments for contract and extra work ordered by said defendant. Plaintiff claims that

"By reason of the premises the work was required to proceed in a manner and under conditions so different than contemplated as to constitute an abandonment [of the subcontract]."

Plaintiff therefore seeks the "fair and reasonable value of the work performed" on the theory of *quantum meruit*.

■ Defendant sureties move to dismiss this second "cause of action" on the ground that it fails to state a claim upon which relief can be granted. To support their motion, defendant sureties cite numerous cases establishing the proposition that sureties on a payment bond furnished under the Miller Act are not liable for alleged breaches of contract predicated on delays. See e. g., L. P. Friestedt Co. v. United States Fireproofing Co., 125 F.2d 1010 (10th Cir. 1942); United States to Use of Watsabaugh & Co. v. Seaboard Surety Co., 26 F.Supp. 681 (D. Mont.1938), aff'd sub nom. Watsabaugh & Co. v. Seaboard Surety Co., 106 F.2d 355 (9th Cir. 1939); United States for Use and Benefit of Gutman v. The P. J. Carlin-Construction Co., 65–C–671, E.D.N.Y., October 14, 1965, 254 F.Supp. 1001. It is clear, however, from a reading of the complaint (defendants have not yet answered), that plaintiff is claiming that the delays by defendant Carlin-Atlas, when augmented by the other acts asserted in its second claim, amount to an abandonment of the contract by defendant Carlin-Atlas. The rule, at least in this circuit, is that a claim based on a *quantum meruit* theory is a claim for labor and materials furnished within the meaning of the Miller Act bond, and that such a claim is within the jurisdiction of the federal courts despite the lack of diversity of citizenship. United States for Use of Susi Contracting Co. v. Zara Contracting Co., 146 F.2d 606 (2d Cir. 1944); United States for Use of Wander v. Brotherton, 106 F.Supp. 353 (S.D.N.Y. 1952). Defendant sureties' motion to dismiss the second "cause of action" is denied.

Should it develop at a subsequent stage of the proceedings that there was no abandonment of the contract by defendant Carlin-Atlas but merely delays giving rise to damages in contract, defendant sureties, of course, will not be liable under their Miller Act bond for those damages. But it is too early in the litigation, defendants not even having answered the complaint as yet, to make such a determination.

Defendant Carlin-Atlas also moves to dismiss the second "cause of action" on the ground of lack of diversity. For the reasons both hereinbefore and hereinafter enumerated, such a motion, at this stage of the litigation, should be and hereby is denied.

For its third "cause of action," asserted only against defendant Carlin-Atlas, plaintiff sets forth a common-law breach of contract claim, i. e., a state claim. Plaintiff concedes that this court would have no independent basis for asserting jurisdiction over this state claim since there is no diversity of citizenship, nor is there presented a federal question. Plaintiff, however, requests this court, in the exercise of its discretion, to assert jurisdiction under the doctrine of pendant jurisdiction.

In their memoranda of law and on oral argument all parties argued the applicability of that doctrine as set forth by the Supreme Court in 1933 in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933). By the time argument on these motions was heard, however, the Supreme Court had rendered its decision in United Mine Workers of America v. Gibbs, 86 S.Ct. 1130 (March 28, 1966), not cited by either counsel. In *Gibbs*, the Court noted that the pendant jurisdiction test, as enunciated in *Hurn*, "has been the source of considerable confusion," and has been applied by the courts in an "unnecessarily grudging" limited approach. *Gibbs*, supra 86 S.Ct. at 1138.

■■ In *Hurn*, the Court had limited the application of the doctrine to cases in which the state and federal claims were "little more than the equivalent of different epithets to characterize the same group of circumstances." 289 U.S. at 246, 53 S.Ct. at 590. Recognizing that under the Federal Rules of Civil Procedure "the whole tendency of our decisions [is] to require a plaintiff to try his * * * whole case at one time,"

the Court, in *Gibbs,* enunciated a new test:

"The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard for their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is *power* in federal courts to hear the whole."

86 S.Ct. at 1138. Clearly, the claims in this litigation, all arising out of the construction of this Courthouse (the "common nucleus of operative fact"), would ordinarily be tried in one judicial proceeding. It is to be noted that the state claim is "closely tied" to a question of federal policy, *i. e.,* the protection of those who furnish labor and supply materials for government construction projects—a policy which is implemented by the Miller Act. This is a particularly strong argument for the exercise of pendant jurisdiction. *Gibbs,* supra, 86 S.Ct. at 1139. At this stage of the pleadings, it is difficult to ascertain whether the state issues will substantially predominate, whether there will be likelihood of jury confusion (the plaintiff has demanded a jury trial) or whether the "state claim constitutes the real body of [the] case, to which the federal claim is only an appendage * * *." *Gibbs,* supra, 86 S.Ct. at 1140.

Defendants' motion to dismiss the third "cause of action" against defendant Carlin-Atlas is denied without prejudice. Since the issue of the appropriateness of the assumption of pendant jurisdiction remains open throughout the course of the litigation, defendants may renew the motion if and when it appears that the "state claim constitutes the real body" of the case.

Settle an order on or before ten (10) days from the date hereof. Settle a further order granting defendants twenty (20) days from the date of said order in which to answer or otherwise plead or move with respect to the complaint.