**KIERULFF ASSOCIATES, Plaintiff,**

v.

**LURIA BROTHERS & COMPANY, Inc.,**
**and Lipsett Steel Products, Inc.,**
**Defendants.**

No. 64 Civ. 3117.

United States District Court
S. D. New York.

July 13, 1967.

Hopgood & Calimafde, New York City, for plaintiff, Paul H. Blaustein, New York City, of counsel.

Brumbaugh, Free, Graves & Donohue, New York City, for defendants, Frederick C. Carver, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Presently before the Court is plaintiff's motion for partial summary judgment and defendants' cross-motion for full summary judgment in a patent infringement suit. The patent relates to a rotatable scraploading chute assembly for use in loading scrap material into the hold of a ship. Defendants have denied infringement and have raised questions concerning the validity of the patent, and the propriety of venue as to one of the two defendants. A pretrial order has been entered; and the case is ready for trial.

Singled out for disposition by summary judgment by each side is the question of whether the patent is invalid for the reason that the alleged invention was in public use and on sale, within the meaning of 35 U.S.C. § 102(b), more than one year prior to the date of patent application.

### I.

Plaintiff's motion came first in time, and rests solely on a concededly novel application of the doctrine of collateral estoppel. It is agreed that the patent involved in this case has been adjudicated valid by the District Court for the Southern District of California in Kierulff v. Metropolitan Stevedore Co., 221 F.Supp. 830 (1963). The issues of prior public use and sale were raised and tried therein. It is further agreed that neither of the defendants in the instant case was a party to, or in privity with any of the parties to, the California litigation.

Nevertheless, plaintiff contends that he is entitled to partial summary judgment as a matter of law because "the evidence upon which the defendants expect to rely in support of their defenses of public use and prior sale is the same as and in fact derived from the evidence presented to the court in California." (Plaintiff's Motion p. 2). In proof of this alleged identity of evidence, plaintiff relies on the affidavit of its own attorney, John M. Calimafde, who was

also principal trial counsel for the plaintiff (the present plaintiff's assignor) in the California action.

■ We need not pause to question plaintiff's ability to conclusively establish identity of evidence in advance of trial. As to the validity of this premise, it might be sufficient to cite without comment the following statement from Calimafde's affidavit: "In the instant case, on information and belief, only Kierulff may appear to give live testimony." Even assuming that such identity of evidence could be established, we are at a loss to understand how the expanding doctrine of collateral estoppel might be employed affirmatively against the present defendants—complete strangers to the California litigation—without violating an elemental principal of due process of law. The Court appreciates plaintiff's concern over our crowded calendars, but surely the defendants' right to be heard —even on the bases of identical evidence —must prevail.

## II.

Defendants responded to plaintiff's motion with their own motion for summary judgment addressed to the merits of the defenses of prior public use and sale. The record upon which defendants rely consists of a copy of the patent, depositions of two individuals, and nineteen of defendants' proposed trial exhibits which had been annexed to plaintiff's motion. Plaintiff failed to file a statement pursuant to Rule 9(g) of the General Rules of this Court in opposition to defendants' Rule 9(g) statement, as it should have done, although its Memorandum in Opposition does include a brief section headed "Objections to Certain of Defendants' Alleged Undisputed Material Facts" (pp. 7–9).

The bulk of plaintiff's Memorandum in Opposition is devoted to a full argument of the merits of the defenses in issue on the motions, buttressed by an appendix containing selected portions of the transcript of the California case, of depositions of two other individuals, and of an earlier patent relating to a loading chute.

To be contrasted with the statements in the above-mentioned section on "Objections" is the conclusion that there is "no dispute concerning the facts," and that, therefore, the Court should, if it rejects the collateral estoppel theory, proceed to adjudicate the defenses of public use and prior sale "on the submitted papers" (p. 45).

It is evident that the parties have attempted to frame a record which would facilitate a decision by the Court predicated upon a "paper record." Yet the only thing which this Court can discern with clarity from the papers submitted and the conflicting contentions is that there are a number of genuine issues of material fact which must be determined at a plenary trial.

That an able and distinguished federal trial judge has rejected these same defenses puts us on notice that the matter is not as simple and clear-cut as the defendants would have the Court believe. On the other hand, it may be that the plaintiff has waived his right to a jury trial of these defenses, by asking the Court to decide the matter "on the submitted papers." We do not choose to construe this bit of advocacy as a waiver, for it would be neither prudent nor practical to decide the contested defenses on the present record.

While the parties seem to agree on most of the evidentiary facts, as physical facts, they are in sharp disagreement as to the relevancy and significance of many. Both sides have attempted to rely on trial and deposition testimony to supply evidence of additional physical facts and to give meaning to some of those referred to in the documentary proof, yet neither side has recognized the obvious questions of credibility and probative value—particularly as to those witnesses who have an interest in the litigation. Defendants have not identified the portions of testimony relied upon, while plaintiff has supplied the Court only with those pages which seemingly support its position.

Moreover, both sides blend supported fact, unsupported fact, and argument

in their briefs. For the Court to attempt to disentangle these distinct elements and then to arrive at findings and conclusions on the disputed issues would be a hazardous venture on the present record.

Indeed, simply as a practical matter, the amount of time that the Court would be required to devote to the resolution of the issues on the basis of the papers might well exceed the time required to dispose of them upon a plenary trial.

It also should be noted that the defense of public use—raising, *inter alia,* the question of whether an earlier scrap-loading assembly was substantially different from the patented invention—may depend for its resolution upon elements of proof brought forth on other issues in the case. In any event, use of physical models, and possible exposure to expert opinion testimony, would assist the fact-finder in developing the technological and industrial "know-how" and "know-why" so often necessary to add the dimension of reality to a proper resolution of the issues posed in a patent case.

The technique of summary judgment is designed primarily to clear the calendars of meritless litigation. Likewise, partial summary judgment serves to strip frivolous claims and defenses from matters otherwise worthy of litigation. The trend of decisions in this circuit suggests a pragmatic gloss on the controlling question of whether a genuine issue of material fact remains for trial. Fed.R.Civ.P. 56. Compare Dressler v. The MV Sandpiper, 331 F.2d 130 (2d Cir. 1964), with Gordon v. Vincent Youmans, Inc., 358 F.2d 261 (2d Cir. 1965). In the Court's view, the instant case is one in which summary judgment would be inappropriate whether the test is applied strictly or otherwise.

The inferences to be drawn from the facts as they appear on the face of the present record do not support the granting of summary judgment in favor of either side. See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962). The Court does not accept the parties' invitation to undertake the perilous task of distilling the "truth" from the papers submitted to it.

Motion and cross-motion denied.

So ordered.