Joseph **LAPIDUS** et al., Plaintiffs,

v.

**JESUP & LAMONT** et al., Defendants.

No. 62 Civ. 2951.

United States District Court
S. D. New York.

Dec. 19, 1967.

Raphael, Searles & Vischi, New York City, for plaintiffs, Sidney O. Raphael, Robert E. Scher, New York City, of counsel.

Webster, Sheffield, Fleischmann, Hitchcock & Brookfield, New York City, for defendants, Thomas Field, Peter S. Heller, Rosemary C. Masters, New York City, of counsel.

## OPINION

HERLANDS, District Judge:

Defendants have moved for (1) partial summary judgment as to paragraphs "1" and "5" to "8" of the complaint and (2) dismissal of the remaining claims for lack of subject matter jurisdiction.

Defendants are stockbrokers and a member firm of the New York Stock Exchange. In 1962, plaintiff was a customer of the firm of Jesup & Lamont. Both parties are residents of New York. Jurisdiction is predicated on the existence of a federal question.

The complaint alleges that during the period from March 21, 1962 to May 25, 1962, defendants violated the minimum margin requirements of the Securities & Exchange Act of 1934, 15 U.S.C. § 78g and Regulation T of the Rules and Regulations of the Federal Reserve Board ("Regulation T"), 12 C.F.R. 220, by using the loan value of unregistered (unlisted) securities to satisfy the requirements for margin purchases for plaintiff's account. (Complaint, paragraphs "1", "5" to "8".). According to the complaint, sales made by defendants of plaintiff's securities on May 28 and the morning of May 29, 1962 breached a written agreement that no securities would be sold prior to 1:00 P.M. on May 29, 1962 and an oral agreement that plaintiff would designate "which of the securities in the combined portfolios were to be sold and which others were not to be sold except at certain prices." (Complaint, paragraphs "9" to "16".).

### I.

Defendants' motion for partial summary judgment attacks plaintiff's claim that Regulation T has been violated. Defendants assert that the documents on file in this case and the moving affidavits (with attached exhibits) demonstrate that the manner of payment used for the purchase of the securities complied with Regulation T. Defendants' position is that there is no genuine issue as to any material fact; and that partial summary judgment should be rendered in their favor on the claims of alleged violations of the federal securities laws and regulations.

Pursuant to Rule 9(g) of the General Rules of this Court, defendants have submitted a statement of the material facts as to which they contend there is no genuine triable issue. While plaintiff has failed to file an opposing 9(g) statement, the affidavit (p. 4) of plaintiff's attorney does contain a recitation of "issues to be resolved herein".

█ On the basis on an examination of the entire record, the Court concludes that there are a number of sharply contested genuine issues of material fact which can be resolved only at a plenary trial. On the one hand, Francis O'Hara, Office Manager of defendant Jesup & Lamont, has submitted a highly detailed thirteen-page affidavit to which are attached as exhibits twenty-two monthly statements of plaintiff's account and "Special Miscellaneous Account" cards. The O'Hara affidavit (p. 13) ostensibly shows that "no loan value of any securities whatsoever unregistered *or registered* was used in connection with the purchases * * *". On the other hand, plaintiff has submitted the twenty-three page affidavit of Joseph Getz, a certified public accountant, purporting to demonstrate the manner in which defendants have violated Regulation T.

█ Any attempt to adjudicate the merits of the Regulation T claim on the basis of the paper record now before the Court would be hazardous and unfair to both sides. Sharply contested, technical and complicated issues of fact should be resolved at a plenary trial, where the fact-finder may have the benefit of viva voce expert testimony as well as the testimony of other live witnesses, all subject to cross-examination. See, e. g., Miller v. General Outdoor Advertising Co., 337 F. 2d 944 (2d Cir. 1964); Kierulff Asso-

ciates v. Luria Bros. & Co., 272 F.Supp. 537 (S.D.N.Y.1967).

For the indicated reasons, defendants' motion for partial summary judgment is hereby denied. So ordered.

## II.

Defendants seek to dismiss the claims alleged in paragraphs "9" to "16" of the complaint on the ground that these claims for breach of oral and written contracts are non-federal in character and that the Court therefore lacks pendent jurisdiction to adjudicate them. The premise underlying this argument is that plaintiff has failed to satisfy the requirements for pendent jurisdiction formulated in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933).

In United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966), a case not cited by either party, the Supreme Court abandoned the limitations set on the doctrine of pendent jurisdiction by Hurn v. Oursler, supra, and its progeny. In Gibbs, the Supreme Court noted that the Hurn v. Oursler cause of action test "has been the source of considerable confusion" and that "this limited approach is unnecessarily grudging". (383 U.S. at 724, 725, 86 S.Ct. at 1138). Instead, the Supreme Court enunciated a new approach for determining when judicial power exists to consider the state claim:

"The state and federal claims must derive from a common nucleus of operative fact. But if, considered without regard to their federal or state character, a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding, then, assuming substantiality of the federal issues, there is power in federal courts to hear the whole." (383 U.S. at 725, 86 S.Ct. at 1138).

█ On this motion to dismiss, the Court must view the complaint most favorably to plaintiff. At this posture of the case, the Court cannot conclude that plaintiff has failed to meet the requirements for pendent jurisdiction. Both the federal and non-federal claims can be said to derive from a "common nucleus of operative fact"—defendants' conduct in handling plaintiff's securities transactions during the period from March 21 to May 29, 1962. These claims are such that plaintiff "would ordinarily be expected to try them in one judicial proceeding".

█ The policy desiderata outlined in Gibbs to guide a federal court in the exercise of its discretion to assume or reject pendent jurisdiction over state claims do not justify dismissal at this stage of the proceedings. On the meagre record before it, the Court cannot determine whether the state claims will dominate the case, whether the combination of state and federal claims will unduly confuse the jury or whether the "state claim constitutes the real body of [the] case, to which the federal claim is only an appendage * * *." United Mine Workers of America v. Gibbs, supra, at 726–727, 86 S.Ct. at 1140. United States for Use and Benefit of Mandel Bros. Contracting Corp. v. P. J. Carlin Construction Co., 254 F.Supp. 637, 640 (E.D.N.Y., 1966). See also L. Lowenfels, Pendent Jurisdiction And The Federal Securities Acts, 67 Colum.L.Rev. 474, 492–3 (1967).

█ It may appropriately be observed that the issue of the appropriateness of the assumption of pendent jurisdiction may be raised at any time during the course of the litigation. Defendants' motion to dismiss paragraphs "9" to "16" of the complaint is, therefore, denied without prejudice. If and when it becomes apparent that the "state claim constitutes the real body of [the] case, to which the federal claim is only an appendage", defendants may, if so advised, renew their motion.

So ordered.