BACHE & CO., INCORPORATED,
Plaintiff in Interpleader,

v.

Patrick J. ROLAND et al., Defendant-
Claimants.

No. 71 Civ. 1717.

United States District Court,
S. D. New York.

April 15, 1974.

Mitchell & Mina, New York City, for plaintiff in interpleader.

Frank & Ross, New York City, for defendant-claimant Roland.

Robert Levy, Zraick & Nahas, New York City, for defendant-claimant Zuckerman.

Hendler & Murray, New York City, for defendant-claimant Continental Ins. Co.

MOTLEY, District Judge.

### Memorandum Opinion and Order

This interpleader action has had a complicated factual and procedural history. Plaintiff in interpleader is a brokerage house. As a disinterested stakeholder having met the requirements of 28 U.S.C. § 1335, plaintiff was discharged from all liability in connection with the fund on deposit with the registry of the court. An injunction enjoining defendants from prosecuting any other legal action for the contents of the fund was issued, by opinion and order of this court, filed May 4, 1971. The disputed fund consists of $1,492.21, 1,000 shares of stock in Bio-Science Resources, Inc. and 1,000 shares of stock in Product Applications, Inc.

Defendant Roland, a New York citizen, belongs to the partnership Hel-Mar Enterprises, along with defendant Zuckerman, a citizen of New Jersey. Roland had an account with plaintiff. Zuckerman claimed that the securities and money in said account belonged either to him or the partnership and demanded that they be released to him. Roland had also made demands for the fund.

By order of this court, filed October 24, 1972, the Continental Insurance Company was granted leave to intervene as of right as an additional defendant-claimant. Continental alleged that it was entitled to the disputed fund, and that defendant Roland was additionally liable to it in the amount of $11,759.40 by virtue of an alleged fraud practiced on it by Roland. That fraud, according to Continental's claim in interpleader submitted in support of its motion to intervene, was alleged to be the following: that plaintiff was in possession of various stocks of which defendant Roland was the owner; that plaintiff mailed to Roland his 3,000 shares of common stock of Bio-Science Resources, Inc. on or about June 24, 1970; that Roland made a claim in writing to plaintiff for replacement of said shares alleging that they never came into his possession and agreed that should they come into his possession he would transfer said securities to plaintiff; that pursuant to a policy of insurance and in reliance on Roland's agreement to notify defendant-claimant, Continental Insurance Company issued its Sole Obligor Bond guaranteeing to save harmless the transfer agent of said stock from and against all loss and expense resulting from the issuance of replacement certificates; that in pursuance and reliance on the Bond the transfer agent issued 3,000 shares of replacement stock to Roland; that on or about January 29, 1971 Roland pledged the original securities, claimed to have been lost, as collateral on a loan at the Amboy-Madison National Bank, Madison Township, New Jersey; that thereafter Roland defaulted on the loan, thus making the lending bank a bona fide purchaser of the original securities; that, pursuant to the Sole Obligor Bond, defendant-claimant Continental Insurance Company was compelled to redeem the original shares when presented to the transfer agent by the bona fide purchaser and the original 3,000 shares of Bio-Science Resources, Inc. stock were purchased and redeemed at a cost and expense of $11,759.40 and immediately cancelled. Thus, Continental claims to have been defrauded by Roland in the amount of $11,759.40.

Continental further stated in its motion to intervene as a defendant-claimant, that the items on deposit in the registry of the court were part of the 3,000 replacement shares of Bio-Science Resources, Inc., as well as the proceeds of the sale of the remainder of the replacement shares, all of which Continental claims were obtained by defendant-Roland by fraud at its expense.

By order filed May 7, 1973, the court granted Continental's unopposed motion for partial summary judgment. Under that order Continental was deemed sole owner and therefore entitled to possession of the interpleaded fund on deposit in the registry of the court. Thus, at this stage, the only outstanding claim in the case is defendant-claimant Continental's demand for a separate judgment against defendant Roland in the amount of $11,759.40, less the value of the interpleaded fund already awarded to Continental, due to Roland's alleged fraud.

Although Continental's demand in excess of the interpleaded fund has not been denominated as such,[1] the court construes said claim as a cross-claim. See Fed.R.Civ.Proc. 13(g). And since the cross-claim is based on non-federal grounds but has been alleged in this forum incident to Continental's intervention as a defendant-claimant in federal statutory interpleader, the court further interprets the claim as one invoking the pendent jurisdiction of the court.

The unique problems of the second stage of interpleader must be solved in light of the purpose for which statutory interpleader was implemented. The scope of litigation, in terms of parties and claims, is normally circumscribed by the confines of the fund. The existence

---

1. Had defendant-claimant Continental submitted a Memorandum of Law in support of its motion, as required by the General Rules for the Southern District of New York, Rule 9(b), the court would have been aided in its consideration of the claim.

of the fund cannot ordinarily be seized upon as an opportunity for achieving results that exceed the resolution of disputes concerning entitlement to the fund. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 533–534, 87 S. Ct. 1199, 18 L.Ed.2d 270 (1967). See also Northern Natural Gas Co. v. Grounds, 441 F.2d 704, 715 (10th Cir. 1971), cert. denied, 404 U.S. 951, 92 S. Ct. 268, 30 L.Ed.2d 267 rehearing denied, 404 U.S. 1065, 92 S.Ct. 732, 30 L. Ed.2d 754 (1972). There are numerous cases in which courts have rejected efforts to expand an interpleader action. Cases collected in Massachusetts Mut. Life Ins. Co. v. Central-Penn Nat. Bank, 362 F.Supp. 1398, 1404 (E.D.Pa.1973). This is particularly so when no independent basis of federal jurisdiction as to the cross-claim exists. Beaufort Transfer Co. v. Fischer Trucking Co., 357 F.Supp. 662, 671 (E.D.Mo.1973).

In the instant case, Continental invokes the pendent jurisdiction of the court as to its cross-claim against Roland. Insofar as the pendent state claim arises out of the same "nucleus of operative fact[s]" as the federal claim, and had Continental initiated an action against Roland the various claims may well have been tried in one judicial proceeding, the court has constitutional power to hear the claim. United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). However, *Gibbs* also permits the court discretion in refusing to exercise its pendent jurisdiction. The court's discretion whether to hear the state claim exists throughout the case. 383 U.S. at 727.

In deciding whether or not to exercise pendent jurisdiction, the court is to look to "considerations of judicial economy, convenience and fairness to litigants." 383 U.S. at 726. For reasons of economy and federalism, a court should avoid needless decisions of state law. 383 U.S. at 726. This is particularly so where the federal issue has been disposed of early in the case. 383 U.S. at 726. *See* McFaddin Express, Inc. v. Adley Corp., 346 F.2d 424, 427 (2d Cir. 1965), cert. denied, 382 U.S. 1026, 86 S. Ct. 643, 15 L.Ed.2d 539 (1966). As has been noted, the court has not yet immersed itself in the case, the interpleaded fund having been awarded on an unopposed motion. That being the case, no federal policy will be vindicated, nor economy served, by the federal court's retaining what is now solely a state claim. *See* United States for Use and Benefit of Mandel Bros. Contracting Corp. v. P. J. Carlin Const. Co., 254 F. Supp. 637, 640 (E.D.N.Y.1966). It should be noted that, but for the liberal requirements of federal statutory interpleader, 28 U.S.C. § 1335, the case would not otherwise have been federal in nature. And now, where the only remaining issue is one to be resolved between two citizens of New York, even the jurisdiction conferring minimal diversity, once present between Zuckerman and Roland has been eliminated. Under these circumstances, the two New York defendant-claimants have ready access to the state courts for the resolution of the fraud claim, previously pleaded in this court.

Accordingly, defendant-claimant Continental's cross-claim against defendant-claimant Roland is dismissed without prejudice.

So ordered.